FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 30, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CHRISTOPHER P., | No. 4:25-CV-05063-SAB |
| Plaintiff, | |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | **ORDER AFFIRMING DECISION OF COMMISSIONER** |
| Defendant. | |

Plaintiff brings this action seeking juridical review of the Commissioner of Social Security's final decision denying his application for social security benefits. Plaintiff is represented by Chad Hatfield. The Commissioner is represented by L. Jamala Edwards, and Brian M. Donovan. Pending before the Court is Plaintiff's Opening Brief, ECF No. 7, the Commissioner's Brief, ECF No. 17, and Plaintiff's Reply Brief, ECF No. 18.

After reviewing the administrative record and briefs filed by the parties, the Court is now fully informed. For the reasons set forth below, the Court affirms the Commissioner's decision.

//

//

**ORDER AFFIRMING DECISION OF COMMISSIONER ~ 1**

## I. Jurisdiction

On July 28, 2020, Plaintiff filed an application for disability insurance benefits, with onset of October 1, 2016. Plaintiff's application was denied initially and on reconsideration. Plaintiff appealed the denial to this Court, and this Court affirmed the denial. Plaintiff appealed that decision to the Ninth Circuit, which affirmed the ALJ's findings that Plaintiff's mental impairments were not disabling but remanded to allow the ALJ to reevaluate Plaintiff's assertion of disability based on ongoing carpal tunnel symptoms.

The ALJ held a second hearing on March 10, 2025. Plaintiff appeared and was represented by counsel, Chad Hatfield. Thomas Polsin, a vocational expert appeared and testified as well. The ALJ issued a decision on March 17, 2025, finding Plaintiff was not disabled. Plaintiff filed a timely appeal with the United States District Court for the Eastern District of Washington on May 21, 2025. ECF No. 1. The matter is before this Court pursuant to 42 U.S.C. §§ 405(g), 1383(c)(1)(3).

## II. Five-Step Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if their impairments are of such severity that the claimant is not only unable to do their previous work, but cannot, considering claimant's age, education, and work experiences, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). The Commissioner has established a five-step sequential evaluation process to determine whether a person is disabled in the statute. See 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v).

**ORDER AFFIRMING DECISION OF COMMISSIONER ~ 2**

**Step One**: Is the claimant engaged in substantial gainful activities? 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). Substantial gainful activity is work done for pay and requires compensation above the statutory minimum. *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in substantial activity, benefits are denied. 20 C.F.R. § 404.1520(b), 416.920(b). If the claimant is not, the ALJ proceeds to step two.

**Step Two**: Does the claimant have a medically-severe impairment or combination of impairments? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. *Id.* §§ 404.1509, 416.909. If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. *Id.* § 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the impairment is severe, the evaluation proceeds to the third step.

**Step Three**: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. 20 C.F.R. §§ 404.1520(d), 416.920(d). If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Before considering to the fourth step, the ALJ must first determine the claimant's residual functional capacity. An individual's residual functional capacity is their ability to do physical and mental work activities on a sustained basis despite limitations from their impairments. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The residual functional capacity is relevant to both the fourth and fifth steps of the analysis.

**Step Four**: Does the impairment prevent the claimant from performing work

**ORDER AFFIRMING DECISION OF COMMISSIONER ~ 3**

they have performed in the past? 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is able to perform their previous work, they are not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant cannot perform this work, the evaluation proceeds to the fifth and final step.

**Step Five**: Is the claimant able to perform other work in the national economy in view of their age, education, and work experience? 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 108 F.3d 1094, 1098 (9th Cir. 1999). This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in her previous occupation. *Id*. At step five, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful activity. *Id.*

### III.    Standard of Review

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 U.S.C. § 405(g)). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance," *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401.

A decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secr'y of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). An ALJ is allowed "inconsequential" errors as long as they are immaterial to the ultimate nondisability determination. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006). The Court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which

supports the decision of the administrative law judge. *Batson v. Barnhart*, 359 F.3d 1190, 1193 (9th Cir. 2004). It "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion, and may not affirm simply by isolating a specific quantum of supporting evidence." *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017) (quotation omitted). "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

## IV. Statement of Facts

The facts have been presented in the administrative record, the ALJ's decision, and the briefs to this Court. Only the most relevant facts are summarized herein.

Plaintiff was diagnosed with bilateral carpal tunnel syndrome and left-sided cubital tunnel syndrome in June 2021, and right-sided ulnar nerve impairment in August 2021, and after surgery, he showed significant improvement on both sides. Following his date last insured, Plaintiff underwent revision surgery in April 2022, but reported his symptoms were much improved. He did not follow up with his surgeon again until September 2022., at which time his doctor noted that Plaintiff had fully healed, had no restrictions and was released to full duty.

At the hearing, Plaintiff testified that after his revision surgery in 2022, his hands continued to go numb, he has no grip strength, he cannot write or type. He also testified that he suffers from traumatic brain injury that affects his memory and is possibly causing his upper extremities symptoms. He explained he underwent testing at the VA and was evaluated at the exclusive Meadows of Wickenburg clinic in Sedona, Arizona, which costed over $100,000, and the results showed a decline in his neuropsychological functioning. He reported he was scheduled for an inpatient clinic visit in Minnesota where NFL players with suspected chronic traumatic encephalopathy are evaluated.

//

**ORDER AFFIRMING DECISION OF COMMISSIONER ~ 5**

## V. The ALJ's Findings

The ALJ issued an opinion affirming denial of benefits. AR 874-889.

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since October 4, 2016, the alleged onset date through his date last insured of December 31, 2021. AR 877.

At step two, the ALJ identified the following severe impairments: posttraumatic stress disorder (PTSD), major depressive disorder, attention deficit hyperactivity disorder (ADHD), and degenerative joint disease of the bilateral elbows. AR 877.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. AR 881. Ultimately, the ALJ concluded that Plaintiff has a residual functional capacity ("RFC") to perform:

> a full range of medium work as defined in 20 CFR 404.1567(c) except: he was limited to simple, routine tasks; and he could have only occasional, superficial contact with the public and coworkers, with no collaborative tasks.

AR 882.

At step four, the ALJ found that Plaintiff was no past relevant work. AR 887. At step five, the ALJ found there were other jobs that existed in significant numbers in the national economy that Plaintiff could also perform, including Kitchen Helper; Industrial Cleaner, and Automotive Detailer. AR 888. Consequently, the ALJ found that Plaintiff was not disabled from October 1, 2026 through December 31, 2021. AR 888.

## VI. Issues on Appeal

1. Whether the ALJ properly applied the "five-day requirement."

2. Whether substantial evidence supports the ALJ's evaluation of Plaintiff's subjective symptom testimony.

3. Whether substantial evidence supports the ALJ's Step Two findings.

**ORDER AFFIRMING DECISION OF COMMISSIONER** ~ 6

    4.   Whether the ALJ's Step-Five analysis is supported by substantial evidence.

## VII. Discussion

### 1. Five-day Requirement

Plaintiff asserts the ALJ erred in failing to meet his duty to develop the record and mischaracterized his counsel's efforts to identify and obtain outstanding probative medical evidence. Counsel sent a letter on March 3, 2025 to the ALJ notifying it that he was attempting to obtain medical records from Kadlec Health Systems, The Meadows of Wickenburg, AZ, and VA Medical Center, Walla Walla, as well as a completed copy of a VA C&P examination. At the hearing, the ALJ instructed counsel that if he wanted to submit additional evidence, he should do so promptly along with a brief addressing any exception to the five-day rule that he believed applied. Counsel did not do so.

In its Order, the ALJ declined to hold the record open beyond the hearing because the letter did not inform it about evidence within the meaning of SSR 17-4p because there were no identification of relevance or dates of treatment, and it appeared that most, if not all, of the purported evidence concerned dates after the date last insured. The ALJ found "no exception had been asserted, much less established" and found there was no basis to delay adjudication of the case. AR 875.

The Social Security regulations provide that if the claimant wishes that written evidence be considered at the hearing, the claimant must submit or inform the ALJ about the evidence no later than five business days before the date of the scheduled hearing (20 CFR 404.935(a)). Pursuant to 20 CFR 404.935(b), if this deadline is missed but the claimant submits or informs the ALJ about written evidence before the hearing decision is issued, the ALJ can accept the evidence if: (1) an action of the Social Security Administration misled the claimant; (2) the claimant had a physical, mental, educational, or linguistic limitation(s) that

**ORDER AFFIRMING DECISION OF COMMISSIONER** ~ 7

prevented submitting or informing the ALJ about the evidence earlier, or (3) some other unusual, unexpected, or unavoidable circumstance beyond the claimant's control prevented the claimant from submitting or informing me about the evidence earlier.

The ALJ did not err in declining to hold the record open. Plaintiff has not shown he qualified for any of the exceptions to the five-day requirement, nor has he shown the ALJ acted arbitrarily.

### 2. Plaintiff's Symptom Testimony

Plaintiff asserts the ALJ erred in finding his statements concerning the intensity, persistence and limiting effects of his symptoms were not entirely consistent with the medical evidence and other evidence in the record.

In determining whether a claimant's testimony regarding subjective pain or symptoms is credible, the ALJ engages in a two-step analysis. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Id.* (citation and quotation omitted). If the claimant satisfies the first step of the analysis, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of their symptoms "only by offering specific, clear and convincing reasons for doing so." *Id*. (citation and quotation omitted). "This is not an easy requirement to meet: The clear and convincing standard is the most demanding required in Social Security cases." *Id*. (citation and quotation omitted). That said, if the ALJ's credibility finding is supported by substantial evidence in the record, the Court may not engage in second-guessing. *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

Here, the ALJ provided specific, clear and convincing reasons for rejecting Plaintiff's symptom testimony. The ALJ found the objective medical evidence in this case to be largely unremarkable. The ALJ noted Plaintiff was not seen by a

**ORDER AFFIRMING DECISION OF COMMISSIONER ~ 8**

specialist related to his carpal/cubital tunnel since September 2022 and sought no treatment for pain management. The ALJ also noted that while Plaintiff testified t he had minimal grip strength, the objective physical examinations almost always showed a full 5/5 strength, and none showed less than 4/5 strength.

The ALJ noted the record showed that Plaintiff's mental health improved with treatment. Plaintiff reported the medications were helpful for both anxiety and nightmares. By January 2022, he was feeling much better and his PTSD was under control. The ALJ concluded Plaintiff's mental health treatment was generally routine, given that his examinations were generally normal with intact insight/judgment.

The ALJ also relied on inconsistencies between Plaintiff's alleged limitations and statements he made to providers, as well as Plaintiff's reports of his daily activities, including being a primary caregiver for his daughter, returning to college full-time as a student, and fishing. His October 2020 function report indicates Plaintiff was a stay-at-home date for two young children, and he was able to cook, shop, care for pets, complete his personal care, clean, do laundry, mow the yard, do basic household repairs, drive and manage financial accounts. The ALJ also relied on the fact that in 2019, Plaintiff applied for a job as a firefighter and actively litigated the employer's refusal to hire him.

Finally, the ALJ relied on the statements of the State agency consultants who found Plaintiff has no more than mild to moderate limitations.

### 3. Step-Two findings

The ALJ concluded the medical evidence of record also establishes medically determinable impairments of bilateral carpal tunnel syndrome/cubital tunnel syndrome, sleep apnea, cellulitis, a history of venous abnormalities and a hernia, headaches, tinnitus, asthma, and hypogonadism

The ALJ did not err in finding Plaintiff's bilateral carpal tunnel syndrome/cubital tunnel syndrome was non-severe. The ALJ re-evaluated

**ORDER AFFIRMING DECISION OF COMMISSIONER** ~ 9

Plaintiff's allegations of ongoing upper extremity pain and limitations. He concluded Plaintiff's carpal tunnel/cubital tunnel syndrome did not cause more than minimal functional limitations for any period of twelve consecutive months relevant to the proceedings, which is supported by the record. Moreover, Plaintiff failed to point to any evidence in the record supporting his claim that he suffers from traumatic brain injury or neurocognitive impairments. The ALJ's Step-Two findings is supported by substantial evidence in the record.

**4. Residual Functional Capacity**

The ALJ properly determined the RFC. The RFC properly accounts for Plaintiff's limitations for which the record provides support.

**VIII. Conclusion**

Substantial evidence supports the ALJ's finding that Plaintiff is not disabled.

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, ECF No. 7, is **DENIED**.

2. For court management purposes, the Commissioner's Brief, ECF No. 17, is **GRANTED**.

3. The decision of the Commissioner is **AFFIRMED**.

4. Judgment shall be entered in favor of the Commissioner and against Plaintiff.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to file this Order, provide copies to counsel, and **close** the file.

**DATED** this 30th day of December 2025.



Stan Bastian
Chief United States District Judge

**ORDER AFFIRMING DECISION OF COMMISSIONER** ~ 10